**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| **WILLIAM McKNIGHT,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:22-cv-00037-M-BP** |
| | § | |
| **DAVID DUKE, Sheriff,** | § | |
| **Wichita County, Texas,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case is comprised of civil rights claims severed from William McKnight's previous petition for writ of habeas corpus. *See* ECF Nos. 1, 3; *see also Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) ("[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so."). Because the Amended Complaint (ECF No. 7) was factually incomplete, the Court sent McKnight a Questionnaire seeking more information on his legal claims. ECF No. 10; *see Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976) ("The employment of a [] questionnaire is a useful means by which the court can develop the factual basis for the prisoner's complaint."). Because McKnight has not submitted Questionnaire answers despite repeated orders to do so, the undersigned **RECOMMENDS** that Chief United States District Judge Barbara M. G. Lynn **DISMISS** this action **without prejudice** under Federal Rule of Civil Procedure 41(b).

**I.    LEGAL STANDARDS**

District courts may dismiss an action *sua sponte* for failure to prosecute or follow court

orders. *See* Fed. R. Civ. P. 41(b). This power flows from the Court's inherent docket-management authority. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

## II.    ANALYSIS

McKnight did not respond to the Court's Questionnaire despite its warning that "[f]ailure to submit answers . . . may result in a recommendation that the case be dismissed for want of prosecution." ECF No. 10 at 2. The Questionnaire was due May 17, 2022. *Id.* When that date came and went, the Court afforded McKnight an additional opportunity to comply and extended the deadline to June 7. ECF No. 11 at 2. The Court again warned McKnight "failure to comply by that date will result in a recommendation that his case be dismissed without further notice under Federal Rule of Civil Procedure 41(b)." *Id.* Because McKnight has neither submitted Questionnaire answers nor filed any pleadings explaining the delay, Chief Judge Lynn should dismiss his case for failure to prosecute or obey court orders. *See* Fed. R. Civ. P. 41(b); *see also Hickerson v. Christian*, 283 F. App'x 251, 253 (5th Cir. 2008) (observing that district courts are empowered to dismiss actions *sua sponte* under Rule 41(b) and routinely do). This is precisely the circumstance envisaged by the Rule, which flows from the Court's inherent authority to manage its docket. *Boudwin*, 756 F.2d 399, at 401 (citing *Link*, 370 U.S. 626). Nevertheless, because nothing indicates McKnight's noncompliance stems from "purposeful delay or contumaciousness," and the Court

has not first "employed lesser sanctions," the Court should dismiss McKnight's case without prejudice. *Long*, 77 F.3d at 880.

### III.    CONCLUSION

McKnight failed to comply with prior court orders despite being warned noncompliance could lead to a recommendation that his case be dismissed without further warning. But his noncompliance does not appear to stem from purposeful delay or contumaciousness and the Court has not employed any lesser sanctions in this case, such as dismissal without prejudice. Accordingly, the undersigned **RECOMMENDS** that Chief Judge Lynn **DISMISS** this case **without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute or comply with court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 14, 2022.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE